BOARD OF COMMISSIONERS OF ALLEN COUNTY *v.* THE FORT WAYNE WATER POWER COMPANY.

[No. 2,011.    Filed February 4, 1897.]

WABASH AND ERIE CANAL.—*Judicial Notice.*—The courts will take judicial notice of the history of the Wabash and Erie Canal, and the legislation relating thereto.

SAME.—*When the Duty of Purchaser of Canal to Maintain Bridges.*— The burden of maintaining a bridge over a feeder of the Wabash and Erie Canal, which bridge forms part of a public highway that existed prior to the construction of the canal, rests upon the purchaser of the canal and not upon the county.

From the Allen Circuit Court.    *Reversed.*

*Walpole G. Colerick* and *William E. Colerick,* for appellant.

*Robert S. Taylor,* for appellee.

COMSTOCK, C. J.—This action was brought by appellant, in the Allen Circuit Court, to recover from appellee the cost of a bridge which appellant constructed across one of the feeders of the Wabash and Erie Canal, then and now owned by appellee, and which bridge appellee refused to construct, although notified so to do by appellant before its construction. The only question is, whether, upon the facts stated in the complaint, the appellee is legally bound, as owner of the feeder, to keep up bridges across it, at the intersection of highways.    The court sustained a demurrer to the complaint, and this appeal is from that ruling.

The complaint, in substance, alleges that the defendant, the Fort Wayne Water Power Company, is a corporation, organized August 23, 1888, under the laws of the State of Indiana, authorizing the incor-

poration of manufacturing and mining companies; and that the object of its formation, as recited in its articles of association, was, and is to furnish motive power for all kinds of manufacturing, mining, and mechanical purposes; that on the 15th day of October, 1888, the defendant, for the purpose of enabling it to carry on its business, acquired, by purchase and conveyance, the title to, and possession of one of the feeders of the Wabash and Erie Canal, located in Allen county; that said feeder was, and is an artificial channel, many feet in width and depth, and by and through which channel water used by the defendant for its said business is conveyed from the St. Joseph river, in said county, and in and through which channel, water so conveyed from said river is always flowing; that the defendant, ever since October 15, 1888, has been and is still the owner of said feeder and in the exclusive possession of the same, for the purposes of its business, and that the same is maintained and used for no other purpose whatever; that, at the time the defendant so purchased and took possession of said feeder, a bridge that constituted a part of the public highway in said county, and which crossed said feeder, existed, and which highway was existing at the time of the construction of said feeder; that said highway, which then was, and still is a county road, had existed for many years prior to said time, and had been, and ever since said time has been, extensively used by the public as a highway; that said bridge is an indispensable part of said highway, and, in the absence of such bridge at said point, said highway could not be used by the public as a highway; and that under the provisions of an act of the General Assembly of this State, approved January 27, 1847, it was made the mandatory duty of the trustees of said Wabash and Erie Canal to erect and keep in repair

suitable bridges over all State and county roads crossing, or that might thereafter cross said Wabash and Erie Canal, including said feeder; that the duty so imposed upon said trustees has devolved upon the defendant ever since it became the owner of said feeder, and is a burden which the defendant assumed and must bear, by reason of the defendant's purchase of said feeder with said bridge then existing across the same, as aforesaid, and by the defendant taking the actual and exclusive possession of said feeder and maintaining the same in connection with its said business and solely for its own private benefit and use; that the defendant permitted said bridge to become out of repair to such an extent as to render it a public nuisance, and its use by the public as a part of said highway is unsafe; that by reason of its unsafe condition, it became the duty of the plaintiff, as such board of commissioners, to cause said bridge to be repaired, and appellant, in the discharge of its duty, after having given appellee reasonable notice to make the repair, and it had failed to do so, caused a new bridge to be constructed over and across said feeder, at the place where said old bridge existed, and which new bridge was absolutely essential to render the use of said highway, at said place, by the public, safe; and that said old bridge, by reason of its decayed condition, could not be otherwise repaired; that the reasonable expense incurred by plaintiff in causing said bridge, which was in all respects a proper, suitable, and necessary one, to be constructed, was $1,156.00; and afterwards the plaintiff demanded of the defendant said sum, but the defendant refused and still refuses to pay the same or any part thereof.

The court will take judicial notice of the history of the Wabash and Erie Canal, and the legislation relating to the same.

By the sale of the canal and its appurtenances, under the order of the United States Circuit Court, the title to that part of the canal lying in Allen county, with the feeder and its appurtenances, passed to William Fleming, as a purchaser at the sale, and from him by *mesne* conveyances to the appellee, who at the time of the construction of the bridge in question was the owner in actual possession. The title so acquired was a fee simple. See *Nelson* v. *Fleming,* 56 Ind. 310; *Water Works Co.* v. *Burkhart,* 41 Ind. 364; *Blair* v. *Kiger,* 111 Ind. 193; *Frank* v. *Evansville, etc., R. R. Co.,* 111 Ind. 132.

The feeder was a part of the canal. Acts 1846, p. 15, section 23. The feeder has been abandoned for canal purposes,—it is, as averred in the complaint, now only maintained and used by the appellee for private purposes. That it was the duty of the board of commissioners of Allen county to see that the bridges of the county were kept in repair is not questioned. The complaint alleges that the highway, of which the bridge formed an indispensable part, was, at the time of the construction of the feeder, and still is a county road; that it had so existed and been extensively used by the public as a highway for many years before the construction of the said feeder.

Appellee's counsel, in his able brief, states the rule at common law to be that, "When a way of any kind is laid across an existing highway, and a bridge is necessary for a continued use of the highway, the party locating the latter way, whether it be a railroad, canal, mill race, or what not, is bound to build and maintain the bridge; but if the highway is located across an existing way of any sort, the public must maintain the bridge. In other words, the rule is: 'First in time, first in right.'" Citing *Lowell* v. *Proprietors Locks and Canals,* 104 Mass. 18; *Inhabitants*

*of Woburn* v. *Henshaw,* 101 Mass. 193; *Dygert* v. *Schenck,* 23 Wend. 446; *Morris Canal, etc., Co.* v. *State,* 24 N. J. L. 62. These decisions fully sustain the proposition.

It will follow, therefore, that the owner of the feeder is bound to maintain a bridge over it at the crossing of the highway, unless that duty has been imposed by some express provision of law upon another.

In 1835, the State located, and afterwards constructed the Wabash and Erie Canal.

Section 28 of an Act of the General Assembly of the State of Indiana, approved January 19, 1846 (Acts 1846, p. 16), "An act to provide for the funded debt of the State of Indiana and for the completion of the Wabash and Erie Canal to Evansville," reads as follows:

"The capacity of that portion of said canal yet to be finished, shall be the same as established and provided in the original and late surveys, and the said trustees shall cause to be constructed and kept in repair, on the entire line of said canal, suitable bridges, over all State and county roads, crossing the same, in the same manner as is now required on the line of said canal east of Tippecanoe."

Section 30 of an Act of the General Assembly of the State of Indiana, supplementary to said act of January 19, 1846, approved January 27, 1847 (Acts 1847, p. 33), reads as follows:

"And be it further enacted, That the said trustees shall erect, construct, and keep in good repair, suitable bridges over all State and county roads, crossing, or that may hereafter cross said Wabash and Erie Canal."

Thus, under both acts from which these sections are quoted the State assumed the burden of constructing

and maintaining in good repair all bridges over all the county roads crossing the canal, without regard to the order in time of the construction of either the road or canal.

The Supreme Court, in *Lowrey, Admx.,* v. *City of Delphi,* 55 Ind. 250, held, that the act of 1847, *supra,* did not impose on the trustees of the canal the duty of constructing and maintaining bridges in towns or cities, but did not question that such duty rested on them as to bridges on State and county roads.

In *Shirk* v. *Board, etc.,* 106 Ind. 573, the court held that the sale of the Wabash and Erie Canal and its appurtenances under the decree of foreclosure against the State carried to the purchaser the fee simple therein, subject to the burden of any easement of the public of which he was bound to take notice, Elliott, J., speaking for the court, said: "But, while the appellants acquired all the estate of their remote grantor, the State of Indiana, in the canal and its appurtenances, they acquired nothing more. If the estate which they acquired was burdened with any charge or easement which was open to view and was one which the appellants were bound to take notice of, then it remains subject to that burden in their hands. It is not essential that a grantee should have actual knowledge of the burden, for it is a familiar doctrine, that one who has means of knowledge is presumed to have knowledge." So that, so far from being relieved from these obligations imposed by the common law, the obligations have been formulated into statutes and interpreted by the Supreme Court.

The purchaser acquired the rights of the State, but he and his grantees took the property subject to its burdens. He and they must be charged with a knowledge of the duties assumed by the State and cast upon the trustees as to the maintenance of bridges.

It cannot be said that if the purchaser was under no obligations to maintain feeders, locks, etc., it was not his duty to maintain bridges. The operating of the canal was a matter in his exclusive control, relating to his private interests. The public has rights in the highway; as to it, with reference thereto, he could not relieve himself of a burden which the law had imposed.

Counsel for appellee cites three cases decided by the Supreme Court of Pennsylvania, in which the question before the court was whether the buyer of a canal from the state took it charged with the burden of maintaining bridges over the highway crossings. In all the cases, the state had kept up the bridges while it owned the canal.

In the first case cited, *Meadville* v. *Erie Canal Co.*, 18 Pa. St. 66, the law required the canal company to keep up all *farm* bridges, but said nothing about highway bridges. The court held that the act by confining the duty of the company to maintaining farm bridges made it clear that the legislature intended to exempt the company from the duty of repairing public bridges.

In the second case, *Penn. R. R. Co.* v. *Duquesne Borough*, 46 Pa. St. 223, the court says: "The jury have found that this canal bridge is one of those erected by the state when the canal was made; that it still continues to be necessary for the accommodation of the public; that after its fall the defendants below, the railroad company, now owning the canal, was notified to rebuild it and refused, and that thereupon it was rebuilt by the corporate authorities of Duquesne Borough, where the bridge is; and they have brought this suit for the expense of the work. Was the railroad company bound to rebuild the bridge?

"We think it was. It took the public works and

their 'appurtenances, subject to all contracts and arrangements heretofore made by Act of Assembly or otherwise, for and in respect to the use of such works,' and was required to 'carry out the same with all persons interested therein, in the same manner as the Commonwealth or its agents are now required to do by law.' And we do not think that it is putting any undue strain on the language to make it include canal bridges that are necessary for the public, and which the state had assumed the burden of building and maintaining; for when a county road is cut by a canal, and reconnected by means of a bridge over the canal, such a bridge is an arrangement with the road 'in respect to the use of the canal,' though it is also a part of the road and necessary to *its* use."

In the third case, *City of Erie* v. *Erie Canal Co.*, 59 Pa. St. 174, it was held that the canal company was not obliged to repair highway bridges, when that duty was not imposed upon it by the law vesting its title in the canal, notwithstanding the legislature had subsequently undertaken to impose the duty. The court says: "There are two questions which must be considered to have passed *in res judicatas*. The first is that where the state has made a grant of a public work to a corporation, the grantees are discharged from those duties to the public growing out of the work which the State has been accustomed to perform before the grant, unless there are express words in the transfer imposing those duties on the corporation. The second is that the charter of the Erie Canal Company does not impose upon the company the duty of making or keeping in repair public bridges connecting highways intersected by the canal: *Pennsylvania Railroad Co.* v. *Duquesne Borough*, 10 Wright 223; *Meadville* v. *The Erie Canal Co.*, 6 Harris 66. * * *

"When this court, therefore, decided in Meadville v.

Board of Com'rs of Allen County v. Fort Wayne Water Power Co.

Erie Canal Company, that the clause in the charter imposing on this company the duty to make and keep in repair all farm bridges and causeways on the line of the canal meant 'farm bridges and causeways,'— *expressio unius est exclusio alterius*—it followed by a logical sequence that they were under no obligation to make and keep in repair public bridges and causeways; and another consequence inevitably followed, that the legislature could not without their consent impose such duty upon them, for that would be for one of the parties without the other to insert a new term in the contract."

The first, in the order in which these cases are cited, limits the duty of the company by the letter of the statute. The second, holds that the railroad took the canal subject to the burdens which the State had assumed, among these, the maintenance of bridges. It is a case not to be distinguished from the one at bar. The third, holds that when a grant is made by the state of a public work, the grantees are discharged from those duties which the state has been accustomed to perform before the grant, unless there are express words in the transfer imposing those duties on the corporation.

In view of the language of the acts of 1846 and 1847, and the obligations imposed by the common law, with the averment in the complaint that the highway was older than the canal, there is nothing inconsistent in these decisions with the conclusion, that the burden of maintaining the bridge in question is upon the appellee.

Judgment reversed, at appellee's costs, with instructions to the court below to overrule the demurrer to the complaint.