### Ft. Wayne Water Power Company v. Board of Commissioners of Allen County.

#### [No. 2,947. Filed April 19, 1900.]

Law of Case.—*Obiter Dicta.*—Where, on appeal, the complaint was held sufficient as against a demurrer, and the complaint was afterward amended by striking out a material averment, what the court said on such appeal, as to the sufficiency of a pleading different from the one at the time under consideration, is not the law of the case on a subsequent appeal. *pp. 516, 517.*

Covenants.—*Wabash and Erie Canal.*—The duty imposed upon the trustees of the Wabash and Erie Canal by the laws of 1847, p. 33, to build bridges and keep them in repair at places where highways might thereafter cross the canal is not a covenant running with the land, and when the title to the canal property passed from the State, and the canal ceased to be used for the purposes for which it was constructed, such duty imposed upon the trustees ended. *pp. 518, 519.*

From the Allen Circuit Court.    *Reversed.*

*R. S. Taylor, W. P. Breen* and *J. Morris, Jr.,* for appellant.

*W. G. Colerick* and *W. E. Colerick,* for appellee.

HENLEY, J.—This cause is here for the second time. The opinion upon the former appeal is found in *Board, etc.* v. *Ft. Wayne, etc., Co.,* 17 Ind. App. 36.    Appellee was the plaintiff below, and recovered a judgment against appellant for $1,400.49.    The complaint is in one paragraph.    The averments of the complaint are, in substance, that appellant is a corporation, having for its object, among other things, to furnish motive power for all kinds of manufacturing, mining, and chemical purposes; that on the 15th day of October, 1888, appellant, for the purpose of carrying on said business, purchased one of the feeders of the Wabash & Erie Canal in Allen county, Indiana, and that water required and used by appellant in its business is kept constantly flowing through said feeder; that at the time appellant purchased and went into possession of said feeder there was a bridge across it which constituted a part of a highway in said Allen county, and that said highway then was, and still is, a county road; that said bridge is, on account of the existence of said feeder, an indispensable part of said highway; that by the provisions of an act of the General Assembly of the State of Indiana, approved January 27, 1847, it was made the duty of the trustees of the Wabash & Erie Canal to erect and keep in repair suitable bridges over all State and county roads crossing or that might thereafter cross said Wabash and Erie Canal; that the duty so imposed on said trustees has devolved upon appellant ever since it became the owner of said feeder, and is a burden which appellant must bear by reason of its purchase of said feeder; that appellant failed to discharge the duty as imposed upon it, and allowed said bridge to become out of repair in such a way as to render it a public nuisance,

and its use by the public, as a part of said highway, unsafe and dangerous, by reason of which it became the duty of appellee to cause said bridge to be repaired; that appellee, in the performance of its said duty, on the 9th day of September, 1893, at a regular session, adopted, and caused to be spread upon its records, an order directed against appellant to construct, within a reasonable time, a suitable bridge over and across said feeder at the crossing of said highway, and that upon appellant's failure to do so, appellee would cause said bridge to be rebuilt; that a certified copy of said order was served upon appellant, but that appellant failed and refused to comply with the same; and, after a reasonable time had elapsed after the service of said order upon appellant, appellee did, in the performance of its duty, cause a new bridge to be constructed over and across said feeder at said place, and incurred an expense thereby of $1,156; that appellee demanded said sum of appellant, but appellant refused to pay the same, and said amount, with interest, is demanded. Appellant's demurrer to this complaint was overruled, and this action of the lower court is assigned as error here.

Upon the former appeal in this case the complaint was held sufficient to withstand a demurrer, the judgment was reversed, and the cause remanded. The law in this State is well settled that the principles of law established on the former appeal, so far as applicable, remain the law of the case through all its subsequent stages, and must be adhered to, whether right or wrong, not only in the trial court, but in this court, on a second or any subsequent appeal; and, where the sufficiency of a pleading has been passed upon by this court, that ruling will be adhered to on a second appeal, unless the pleading has been materially amended. *James* v. *Lake Erie, etc., R. Co.*, 148 Ind. 615; *Lillie* v. *Trentman*, 130 Ind. 16; *Board, etc.* v. *Bonebrake*, 146 Ind. 311.

In the last case cited the question is fully discussed, and

Ft. Wayne, etc., Co. *v.* Board, etc.

a great many authorities are collected. Such being the rule, the first question to consider is whether or not the complaint in this case, as it now comes to us, materially differs from the complaint upon the former appeal. The averments of the complaint on the former appeal were in all respects the same as the complaint now appears, except that upon the former appeal the complaint contained the additional averment, viz., that the highway in question existed prior to the construction of the canal. When the cause was remanded, the complaint was amended by striking out the above mentioned averment, and the complaint is now submitted to this court for consideration with said averment omitted. The decision of the court upon the former appeal was based upon the complaint as it then appeared. The court did not and could not decide any questions which were not before it. What the court said, if anything, as to the sufficiency of a pleading different from the one at that time under consideration, was not necessary to the decision of the question then before the court, and is not the law of the case. The complaint upon the former appeal was held sufficient. The conclusion was based upon the complaint as it then stood. It is clearly evident from the concluding statement in the opinion that the court considered the averment that the highway was older than the canal as a material averment of the complaint. The court said: "In view of the language of the acts of 1846 and 1847, and the obligations imposed by the common law, with the averment in the complaint that the highway was older than the canal, there is nothing inconsistent in these decisions with the conclusion that the burden of maintaining the bridge in question is upon appellee." *Board, etc.* v. *Ft. Wayne, etc., Co.*, 17 Ind. App. 36. The rule at common law, expressly recognized in the former opinion, is that when a way of any kind is laid across an existing highway, and a bridge is necessary for the continued and proper use of the highway, the party locating the way last in point

of time is bound to build and maintain the bridge; but, if a highway is located across an existing way of any kind, the public must build and maintain the bridge. *Morris, etc., Co.* v. *State,* 24 N. J. L. 62. The complaint, then, with the averment in question omitted, is insufficient unless other facts are averred which impose upon appellant the duty of maintaining the bridge.

The State of Indiana acquired a fee simple estate in the lands taken possession of, occupied, and used by the State's commissioners in the construction of the Wabash and Erie Canal. *Water Works Co.* v. *Burkhart,* 41 Ind. 364; *Cromie* v. *Board, etc.,* 71 Ind. 208; *City of Logansport* v. *Shirk,* 88 Ind. 563. The fee simple title was conveyed by the State to certain trustees, and among the duties imposed upon said trustees was that of erecting and keeping in good repair certain bridges. The language of the act was as follows: "And be it further enacted, that the said trustees shall erect, construct and keep in good repair, suitable bridges over all State and county roads, crossing or that may hereafter cross said Wabash and Erie Canal." Can it be said that the duty imposed upon the trustees to construct and repair bridges was a condition upon which they held the property and that such condition is a covenant running with the land? We think not. It was held in *French* v. *Gapen,* 105 U. S. 509, that the trustees could sell and exhaust the property to create funds to carry out the purposes of the trust. We must conclude then, that, the trustees having the right to dispose of the trust estate, the purchasers took the property free from the trust, and free from any of the duties imposed upon the trustees. The duty of the trustees to build bridges and keep them in good repair at places where highways might thereafter cross the canal cannot be construed as a covenant running with the land, nor can it be construed as a condition attached to the fee.

A covenant to do a thing not *in esse,* but which is to be

done upon the land, does not bind the assignees or grantees unless specifically named, and hence could not run with the land. *Hartung* v. *Witte*, 59 Wis. 285, 18 N. W. 175; *Bronson* v. *Coffin*, 108 Mass. 175; *Newburg, etc., Co.* v. *Weare*, 44 Ohio St. 604, 9 N. E. 845; *Gulf, etc., R. Co.* v. *Smith*, 72 Tex. 122, 9 S. W. 865, 2 L. R. A. 281. And the duty imposed upon the trustees cannot be held to be a condition attached to the fee because the breach of such a condition would subject the estate held by them to forfeiture. There is nothing in the statute directing the conveyance from which it could be inferred that the estate granted was to be enlarged or defeated, or in any way affected by the duties which the statute imposed upon the trustees. It must necessarily follow, then, that when the fee simple title to the real estate passed out of the State, and out of the trustees, and the canal ceased to be used for the purposes for which it was constructed, the duties imposed upon the trustees were ended. The income from the property necessary to the performance of such duties as the construction of bridges failed. The purchaser of the fee only assumed such burdens as the law cast upon the land. The common law rights as they existed at the time the canal was constructed apply as between the appellant and the appellee. The complaint is insufficient. Judgment reversed, with instructions to sustain the demurrer to the complaint.