## GREAT WESTERN LIFE ASSURANCE COMPANY v. STATE OF INDIANA, EX REL. HONAN, ATTORNEY-GENERAL.

[No. 22,334. Filed October 17, 1913. Rehearing denied January 13, 1914.]

1. INSURANCE.—*Control and Regulation.*—*Stock Companies.*—*Dissolution.*—*Venue.*—Under §4691 Burns 1908, Acts 1903 p. 45, providing that when any life insurance company organized or doing business under the act of 1899 (Acts 1899 p. 30, §4678 et. seq. Burns 1908), shall be found to have assets of less than three-fourths of the amount of its liabilities, exclusive of capital stock, the Auditor of State shall report to the Attorney-General, who shall, if he deems advisable, apply to the circuit or superior court of the county, where the principal office of such company is located, for a receiver, proceedings for the dissolution of such a company should be brought in the county in which it maintains its principal office, and not in any other county, and such was the evident intention of the legislature as shown by §§18, 21 of said act of 1899 (§§4695, 4698 Burns 1908), specifying that on retiring from business, and in suits to recover penalties, the proceedings shall be instituted in the county where the company's principal office is located. p. 31.

2. ACTION.—*Jurisdiction.*—*Statutes.*—*Construction.*—Where a statute specifically provides a remedy and provides in what court such remedy may be enforced, it excludes all other remedies and all other courts under the maxim *expressio unius est exclusio alterius.* p. 33.

3. INSURANCE.—*Control and Regulation.*—*Stock Companies.*—*Dissolution.*—*Venue.*—Section 311 Burns 1908, §309 R. S. 1881, providing that a corporation may be sued in any county in the State where it has an office or agency for the transaction of business, does not authorize the bringing of a suit for the dissolution of an insurance company in any such county, since it expressly limits actions that may be brought in any county where the corporation has an office or agency to actions arising out of, or connected with, the business of such office or agency. p. 33.

4. CORPORATOINS.—*Action.*—*Service on Agent.*—Actions may be instituted by service of summons on an agent only in actions growing out of, or directly connected with the business of his office or agency. p. 33.

5. CORPORATIONS.— *Powers and Liabilities.*— *Action.*— *Venue.*— At common law a corporation could be sued only in the county where

Great Western Life, etc., Co. *v.* State, ex rel.—181 Ind. 28.

its corporate property was situated, or where it had its principal place of business, and under statutory provisions it may be sued in other forums only as therein provided.   p. 34.

6.  PLEADING.—*Plea in Abatement.—Answer in Bar.—Jurisdiction of Court.*—The question of the court's jurisdiction to hear and determine a cause may be raised either by plea in abatement or answer in bar.   p. 34.

7.  INSURANCE.—*Control and Regulation.—Stock Companies.—Dissolution.—Authority of Attorney-General.—Statutes.*—The sole authority of the Attorney-General to bring a suit for the dissolution of an insurance company under §4691 Burns 1908, Acts 1903 p. 45, is derived from the act of 1899 (Acts 1899 p. 30, §4678 *et seq.* Burns 1908), of which the act of 1903 is amendatory, and under that act the suit must be brought in the county where the defendant's home office is located.   p. 35.

From Superior Court of Marion County (88,520) ; *John J. Rochford,* Judge.

Action by the State of Indiana, on the relation of Thomas M. Honan, Attorney-General, against the Great Western Life Assurance Company.   From a judgment for relator, the defendant appeals.   *Reversed.*

*Ulric Z. Wiley, Korbly & New* and *J. W. Lindley,* for appellant.

*Thomas M. Honan,* Attorney-General, *James E. Deery, Leroy J. Keach* and *Henry Warrum,* for appellee.

ERWIN, J.—This was a proceeding brought by the State, *ex rel.,* Attorney-General, praying for the appointment of a receiver for appellant; to enjoin it from writing any insurance and from purchasing the assets of the Great Western Life Insurance Company; for an accounting between it and its shareholders; for the appointment of a temporary receiver; and for the dissolution of the corporation.   To the petition filed by the relator, the appellant appeared specially and filed a plea in abatement, in which it questions the jurisdiction of the court over the subject-matter and also over the defendant.   To this plea in abatement the court sustained a demurrer.   The appellant then filed an answer in bar in two paragraphs; the first, a general denial; the second, to

the effect that the defendant was a corporation, duly organized under an act of the General Assembly of the State of Indiana, approved February 10, 1899, and acts amendatory thereto; that its home and principal office was in Terre Haute, Vigo County, Indiana; that at the time of the commencement of this action, it did not have or maintain any office in Marion County; that it did not have any agent in said county; that at no time since the commencement of this action has it had an office in Marion County, or any agent residing therein; that on January 13, 1913, the circuit court of Vigo County had appointed a receiver for said company, in a suit duly brought by a judgment creditor of said company, which receiver had duly qualified, and had taken possession of all the assets of the said company, and as a part of said answer, filed therewith a certified copy of the judgment of the Vigo Circuit Court.

The sustaining of the demurrer of appellee to appellant's answer in abatement is the first question presented. The plea in abatement is as follows: (Omitting caption and verification) ''Comes now the defendant in the above entitled cause by its attorneys, and enters its special appearance herein, for the express and sole purpose of pleading to the jurisdiction of the court, both over the subject-matter involved in the complaint herein, and the person of the defendant, and for its plea in abatement says: That the defendant is a domestic corporation, organized and existing under the provisions of the act of the General Assembly of the State of Indiana, approved February 10, 1899, and the amendatory acts thereto; that since the date of the defendant's incorporation, its principal, sole and only office is in the city of Terre Haute, Vigo County, Indiana, and that said defendant on the 11th day of October, 1912, and continuously from the date of its incorporation, to wit: On the —— day of ——————, 1911, had and still has its legal residence in said Vigo County, Indiana; that as such corporation, the defendant did not have or maintain an

NOVEMBER TERM, 1913. 31

Great Western Life, etc., Co. *r.* State, ex rel.—181 Ind. 28.

office in Marion County, Indiana, on the 11th day of October, 1912, nor at any time prior thereto; that on the 11th day of October, 1912, and at no time prior thereto, did the defendant transact its general or any business in Marion County, Indiana; that on said 11th day of October, 1912, and at no time prior thereto, did the defendant keep or maintain any office for the transaction of its business in said Marion County, Indiana; that on the 11th day of October, 1912, and for more than two months prior thereto, the defendant had or maintained no agent or agency in said county for the transaction of any of its business. The defendant further avers that Daniel P. Roberts, upon whom summons and notice herein were served, was not at the time of such service the agent or representative of the defendant in Marion County, Indiana, and was not engaged in the transaction of any business for it in said county. The defendant further avers that Frank T. Dows, upon whom said summons and notice were served, was on the said 11th day of October, 1912, a director of defendant company, and that he resided in Marion County, Indiana, but that he was not the agent or representative of the defendant in the transaction of any of its business in Marion County, Indiana, and that he was not then engaged in the transaction of any of its business in said county. The defendant further avers that by reason of the foregoing facts, the Marion Superior Court has no jurisdiction over the person of the defendant, nor of the subject-matter involved in the complaint herein. Wherefore the defendant prays that the return to the summons and the notice herein to quash and that this action abate.''

The question as to the right to bring this action in the Superior Court of Marion County must be tested by the statute in relation to the organization of domestic
1. insurance companies, approved February 10, 1899, and acts amendatory thereto. §§4678-4715 Burns 1908, Acts 1899 p. 30, Acts 1901 p. 321, Acts 1901 p. 374, Acts 1905 p. 181, Acts 1907 p. 567. Section 4691 Burns

1908, Acts 1903 p. 45, provides in what manner, in what court, and by whom, suits may be brought for the appointment of a receiver and to dissolve an insolvent life insurance company, and reads as follows: "If the auditor of state shall, at any time, find from any report, examination or otherwise, that the assets of any life insurance company organized or doing business under this act, are less than its liabilities, exclusive of capital stock, he may notify it to cease the issue of new policies, or the payment of dividends to stockholders or policy holders, or both, until the deficiency be made good; and he may, and if it appear to him that the assets of such company are less than three-fourths of its liabilities, exclusive of capital stock, he *shall* communicate the facts to the attorney-general, who *shall,* if by him deemed advisable, at once *apply to the circuit or superior court of the county, where the principal office of said company is located, for a receiver for said company.*" (Our italics.) This statute is too plain for controversy. It was the evident intention of the legislature, in enacting this statute that all suits against insurance companies organized under this act for the appointment of a receiver, where any of the causes exist, as enumerated in §4691, *supra,* should be brought in the county in which said company maintains its principal office and not in any other court or county. ·Section 4698 Burns 1908, Acts 1899 p. 30 providing for the bringing of suits to recover penalties, provided for under said act has the following provision: "*shall be instituted in the name of the State of Indiana on relation of the prosecuting attorney of the circuit court of the county in which the principal office of said company is located.*" Section 4695 Burns 1908, Acts 1899 p. 30, providing how a company organized under this law may retire from business, has this provision: "If at any time any company organized under this act shows to the *circuit or superior court of the county where its principal offices are located,*" etc. These last two sections give force to the contention that all suits pertaining

NOVEMBER TERM, 1913.        33

Great Western Life, etc., Co. *v.* State, ex rel.—181 Ind. 28.

to the regulation and management of an insurance company organized under this act shall be brought in the county in which its principal office is located and not in any other county or court. Where a statute specifically provides a remedy and provides in what court such remedy may be enforced, it excludes all other remedies and all other courts, and the maxim *expressio unius est exclusio alterius* applies. *Gougar* v. *Timberlake* (1897), 148 Ind. 38, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. 487; *Buck* v. *Miller* (1897), 147 Ind. 586, 45 N. E. 647, 47 N. E. 8, 37 L. R. A. 384, 62 Am. St. 436; *Board, etc.* v. *Fort Wayne Water, etc., Co.* (1897), 17 Ind. App. 36, 46 N. E. 36; *Silver, Burdett & Co.* v. *Indiana State Board, etc.* (1904), 35 Ind. App. 438, 459, 460, 72 N. E. 829.

It is contended by appellee, that the general statute, §311 Burns 1908, §309 R. S. 1881, providing that a corporation may be sued in any county in the State where it has an office or agency for the transaction of business, that an action such as this may be brought and service had upon any agent or clerk employed in the office or agency. It will be noticed that §311, *supra,* makes provision for the bringing of such suits, *where the action arises out of or is connected with the business of such office, where the agency is located.* This statute could not be construed to authorize the bringing of suits, which relate to the management of the company or the dissolution thereof, for the reason that it is not probable that a local office of any agent for the transaction of the regular business of taking applications for insurance has anything to do with the management or supervision of the company. Actions may be instituted by service of summons on an agent only in actions growing out of, or directly connected with the business of the office or agency. *Jester* v. *Barrett* (1914), *post* 374, 102 N. E. 29; *Rauber* v. *Whitney* (1890), 125 Ind. 216, 25 N. E. 186.

34. SUPREME COURT OF INDIANA,

Great Western Life, etc., Co. *v.* State, ex rel.—181 Ind. 28.

At common law, a corporation could be sued only in the county where its corporate property was situated, or where it had its principal place of business, and under statutory provisions it can be sued, only in other forums as therein provided. 3 Thompson, Corporations (2d ed.) §2998. *Bailey* v. *Williamsport, etc., Co.* (1896), 174 Pa. St. 114, 34 Atl. 556; *Jensen* v. *Philadelphia, etc., St. R. Co.* (1902), 201 Pa. St. 603, 51 Atl. 311.

This statute being a jurisdictional one, it is immaterial whether the question be raised by a plea in abatement or answer in bar. *Loeb* v. *Mathis* (1871), 37 Ind. 306, 309; *Brownfield* v. *Weicht* (1857), 9 Ind. 394; *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 159, 78 N. E. 628; *Prather* v. *Brandon* (1909), 44 Ind. App. 45, 50, 88 N. E. 700; *McCoy* v. *Abel* (1891), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; 11 Cyc. 697-701; *Robertson* v. *Smith* (1891), 15 L. R. A. 273, note.

If the facts stated in appellant's plea in abatement are true then the superior court of Marion County had no jurisdiction to hear and determine the case. It must follow that the court erred in sustaining the demurrer to the plea in abatement, and if it had no jurisdiction to hear and determine the cause, the appointment of the receiver was erroneous. If upon the trial of the issues presented by the plea in abatement the proof sustains its allegations, then this action must abate. The conclusion reached makes it unnecessary for us to decide the other questions presented by the record. Judgment reversed with instructions to the court below to overrule the demurrer to the plea in abatement.

## ON PETITION FOR REHEARING.

ERWIN, J.—It is insisted by the appellee that this court was in error in saying that appellee relied wholly upon §311 Burns 1908, §309 R. S. 1881, in his contention, that this cause was properly instituted in the court of Marion County,

Great Western Life, etc., Co. *v.* State, ex rel.—181 Ind. 28.

and appellee insists that under §314 Burns 1908, Acts 1899 p. 13, in connection with §319 Burns 1908, Acts 1893 p. 152, he had the right to bring this action in any county he saw fit, "where such corporation has an office or agency for the transaction of business, or in which any person resides upon whom process may be served against such corporation." It is only by reason of the act of February 10, 1899,

7.  that the Attorney-General may bring suits against such companies at all, and construing the statute as a whole, it is evidence that when, for any cause, the Attorney-General brings a suit for a receiver it must be brought in the county where the home office is located. The appellee further contends that the case of *Lowery* v. *State* (1899), 153 Ind. 100, 54 N. E. 442, is decisive of the question that the Attorney-General is the only party who could bring this action. There is no question but that proposition is true, but also true that he can only bring the action by reason of the insurance act of February 10, 1899, and must bring it in the court in said act designated. In the Lowery case, the action was brought in the county of the domicile of the company, and no question was raised as to the jurisdiction of the action, but only as to the proper party plaintiff. We are of the opinion that §§314, 319, *supra,* give the relator no greater rights than §311, *supra,* and therefore the petition for rehearing is denied.

Note.—Reported in 102 N. E. 849; 103 N. E. 843. See, also, under (1) 22 Cyc. 1406; (2) 36 Cyc. 1119; (4) 32 Cyc. 466, 552; (5) 40 Cyc. 93, 96; (6) 31 Cyc. 166. As to the effect of the payment of interest on the running of the statute of limitations, see 4 Ann. Cas. 634.