May Term,
1860.

AINSWORTH
v.
ATKINSON.

AINSWORTH *v.* ATKINSON and Others.

A suit to enforce a lien upon real estate, is in the nature of a suit to foreclose a mortgage, and is not embraced by § 10, 2 R. S. p. 451, conferring civil jurisdiction upon justices of the peace.

In a suit to enforce a mechanic's lien, an answer alleging that the property is now owned by a third person, but not denying the ownership of the defendant at the time the lien attached, is bad.

Wednesday,
June 13.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Suit to enforce a mechanic's lien upon real estate. The amount for which a lien was claimed was less than fifty dollars. It was claimed that, therefore, the

Common Pleas had not jurisdiction; that the suit should *May Term,* have been brought before a justice of the peace.                *1860.*

But a suit to enforce a lien upon real estate is in the  ROLOSON nature of a suit to foreclose a mortgage, a proceeding in      v. chancery under the former practice, and is not embraced         HERR. by the section of the code (2 R. S. p. 451, § 10,) conferring civil jurisdiction upon justices.   Perk. Pr., p. 639.

The defendant answered, that the property on which the lien was sought to be enforced was then owned by a third person, but did not deny the ownership of the defendant at the time the lien attached.

This answer was no defense.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. Perry,* for the appellant.

*W. A. Bickle,* for the appellees.