## RICHARDS *v.* REED.

ARBITRATION.—*Justice of the Peace.*—*Jurisdiction.*—A submission to arbitration cannot be made a rule of court in the court of a justice of the peace. And that court has no jurisdiction to render judgment on an award.

APPEAL from the Montgomery Common Pleas.

BUSKIRK, C. J.—The appellant sued the appellee before a justice of the peace in Fountain county, to recover damages for an alleged fraud practised by the appellee in an exchange of horses. The appellant recovered a judgment before the justice of the peace for the sum of one hundred and thirty dollars.

The appellee, on the 13th of September, 1869, appealed from the said judgment to the Fountain Common Pleas.

On the 23d day of March, 1870, the appellee caused to be filed in said court a transcript of an appeal from a judgment on an award of arbitrators on the differences existing at that time between the said parties.

At the September term, 1870, of the said court, the two causes were consolidated.

At the September term, 1870, of the said court, upon the application of the appellant, the venue of the said consolidated cause was changed from the Fountain to the Montgomery Common Pleas, and from the presiding judge of said court to some other judge, to be procured. The change of venue from the county was perfected, and on the 2d day of February, 1871, the cause was, by the agreement of the

Richards *v.* Reed.

parties, set down for trial before the Hon. P. S. Kennedy, an attorney of said court.

On the 11th judicial day of the February term, 1871, of the Montgomery Common Pleas, the appellant filed the following written motion:

"The plaintiff here now moves the court to dismiss the appeal from the judgment of the justice of the peace on the award of the arbitrators herein; and hereby embodies in, and makes a part of, this motion, the further motion to dismiss the appeal taken by defendant on the one-hundred-and-thirty-dollar judgment, and thereby strike this whole cause, as consolidated, from the docket."

This motion is based upon the following grounds, to wit:

"1. That the one-hundred-and-thirty-dollar judgment was and is embraced in and absorbed by the arbitration and award, and must fall with it.

"2. That no appeal lies from the said judgment upon the award returned by the arbitrators, which award, and papers connected therewith, are made a part of this motion.

"3. That all defects and irregularities in said arbitration and award had been waived by defendant, in that he interposed no exceptions or objections to judgment being entered upon said award, on Justice Yonk's docket, and that he could not now interpose any exception or objection thereto.

"WALLACE, BAKER, & BUTLER, for Pl'ff."

Pending the above motion, the appellee filed the following written motion, namely:

"Comes now the defendant, and, pending the motion of plaintiff to dismiss the appeal in the above entitled cause, numbered 938, and which cause refers to the arbitration proceedings between said parties and the judgment thereon, moves the court to dismiss the arbitration proceedings, award, and judgment rendered thereon, for the following reasons, to wit:

"1. A justice of the peace has no jurisdiction or power to render a judgment upon said arbitration and award.

"2. The said arbitration and award professes to include a

cause pending in a court of record, while the transcript of proceedings shows upon its face that the matter in controversy was not referred to. said arbitration by any rule of court, nor were the arbitrators mutually chosen by the parties in open court.

"3. The award, nor any paper connected with the arbitration, do not show that the arbitrators were ever sworn.

"4. The award shows on its face that Christopher Keeling, umpire, was the only party who acted in the premises.

"5. The award is too vague, uncertain, and indefinite upon its face.

"6. The arbitrators did not estimate and return with the award the costs of arbitration.

"7. The judgment upon the award differs from the terms of the award, in material and important particulars.

"8. The rule of the justice's court, for the defendant to show cause why judgment should not be rendered upon such award, was not served upon defendant for ten days before the time set for showing cause against said award.

"9. Because a material addition was made to said award on the 14th day of December, 1870, and but one of said three arbitrators signed said award previous to or on the 10th day of December, 1870; which facts are shown in affidavits marked 'A,' filed herewith and made a part of this motion and reason.

"10. Because a properly authenticated copy of said award was not delivered to Francis M. Reed, by either of the arbitrators or umpire, within fifteen days from the signing of said award; nor was it left at his last usual place of residence within said fifteen days by either of the arbitrators or umpire therein, which fact is shown by affidavit marked 'B,' filed herewith and made a part of this motion and reason."

"McWilliams, Cowen, & Patterson,
"For Defendant."

Affidavits were filed in support of the ninth and tenth reasons. The court overruled the motion of the appellant, but sustained the motion of the appellee and dismissed the

proceedings in, and judgment rendered on, the award of the arbitrators; to which several rulings of the court the appellant excepted, and the questions arising on such rulings are presented by bills of exceptions.

The original cause was then submitted to a jury for trial, and resulted in a finding for the appellee, who was the defendant below.

The appellant moved the court for a new trial for the following reasons: first, error of law occurring at the trial and excepted to at the time by plaintiff; second, because of a decision of the court contrary to law, as appears by bill of exceptions, duly signed and filed February 15th, 1871, which bill of exceptions is made a part of this motion.

The court overruled the motion for a new trial and rendered judgment on the verdict of the jury, to which the appellant excepted.

The appellant has assigned the following errors: first, the court erred in overruling appellant's motion for a new trial herein; second, the court erred in overruling appellant's motion to dismiss the appeal herein; third, the court erred in entertaining and sustaining appellee's motion to dismiss appeal on award, pending plaintiff's motion to dismiss appeal from justice's court on award and appeal on the one-hundred-and-thirty-dollar judgment; fourth, that the finding and judgment of the court are contrary to law and are not sustained by sufficient evidence.

The first assignment of error is the only one that presents any question for our decision, and on that two questions arise; first, did the court err in sustaining the motion of appellee to dismiss the proceedings in arbitration? and, secondly, did the court err in overruling the motion of appellant to dismiss the appeal in the original cause and the appeal from the judgment on the award? These were the only matters embraced in the motion for a new trial. The appellant having failed to assign, as a reason for a new trial, that the verdict was contrary to law and not sustained by sufficient evidence, cannot remedy the omission by an as-

signment of error. A motion for a new trial cannot be enlarged by the assignment of errors.

The appellant had obtained a judgment against the appellee before a justice of the peace for one hundred and thirty dollars, and the appellee had appealed from this judgment to the common pleas. While this appeal was pending, the parties submitted to arbitration certain differences growing out of a horse trade. The arbitrators awarded to the appellant the sum of forty dollars. The appellee having failed to pay such sum, the appellant obtained a judgment on such award before a justice of the peace, from which judgment the appellee appealed to the common pleas, in which court the two cases were consolidated. The appellant, by his motion, sought to dismiss the appeal in the original action, because the original judgment had been merged into the award, and to dismiss the appeal from the judgment on the award, on the ground that no appeal would lie from such judgment.

The appellee, by his motion, sought to dismiss the entire action and proceedings based on the award, on the ground that the award was void, and that no valid judgment could be rendered thereon.

Neither the submission nor the bonds are made a part of the record. The only paper connected with the arbitration in the record is the award. It does not appear from the award or the judgment rendered thereon that the matter submitted to the arbitrators was the same as that involved in the original action. No reference is made in any paper before us to the pendency of any action based on the same cause of action as that submitted to arbitrators. It is true that the complaint was based upon alleged fraud in a horse trade, and that it is recited in the caption of the award that it was a case of arbitration for the purpose of settling all matters of difference arising from a horse trade. We cannot know judicially that the horse trades mentioned in the complaint and in the award were one and the same transaction; but conceding that they were the same, and that the original judgment had been merged in the award, would these facts

Richards *v.* Reed.

justify the dismissal of the appeal? We think not. If the original judgment was merged in the award and the judgment thereon, then it had ceased to exist as a judgment, and consequently the suit should have been dismissed, and not the appeal.

We are unable to see any merits in the motion of the appellant to dismiss the appeal from the judgment on the award. If the justice of the peace had jurisdiction, a question which we will hereafter consider, and rendered a legal and valid judgment on the award, an appeal would lie from such judgment as from any other judgment rendered by a justice of the peace; and if such justice possessed no jurisdiction, then the suit, and not the appeal, should have been dismissed. It remains for us to inquire and determine whether the award and the judgment rendered thereon were valid. Various objections were urged against the validity of the award. We do not deem it necessary to pass upon all of these objections. The first objection does not go to the regularity of the proceedings in arbitration, but presents the question of whether the justice of the peace possessed jurisdiction to render any judgment on the award. If the court possessed no jurisdiction, its judgment would be void, and the court did right in dismissing the action.

The first objection is, that a submission to arbitration under our statute cannot be made a rule of court in the court of a justice of the peace, and that, consequently, the justice of the peace who rendered the judgment on the award possessed no jurisdiction over the subject of the action, and that, therefore, any judgment rendered by him would be void.

We are not aware of any adjudged case in this court bearing upon the question, and its solution, therefore, will depend upon the proper construction to be placed upon the statute regulating arbitrations and umpirages. The first section of said act, after defining who may and who may not submit matters of difference to arbitration or umpirage, provides that the persons who are authorized "may agree that such

submission be made a rule of any court of record designated in such instrument." 2 G. & H. 342.

The thirteenth section of said act reads as follows:

"Sec. 13. . Upon such submission being proved by a subscribing witness thereto, or in case of his death, insanity, or absence out of the state, then by proof thereof as in other cases of a written instrument, and upon the award also being proved in like manner, or by the arbitrators, or any of them; and upon proof that a copy of the award has been duly served on the party against whom the rule is asked, the court shall cause such submission and award to be entered of record, and shall grant a rule thereon against the adverse party, to show cause at that or the succeeding term of the court, why judgment shall not be rendered by such court upon the said award." 2 G. & H. 345.

The sixteenth section of said act provides, that "in all cases where an award or umpirage shall be presented to any court of record for a judgment to be entered thereon, whether the reference shall have been made by submission of parties as aforesaid, or by rule of court, the adverse party may show for cause against the rendition of said judgment any of the following grounds."

It is quite manifest from the first and sixteenth sections that a submission can only be made a rule of court in a court of record.

It was held by this court, in *Hooker* v. *The State*, 7 Blackf. 272, that the court of a justice of the peace was a court of record, because he was required to keep a docket and might fine and imprison.

But the court of a justice of the peace is one of special limited jurisdiction, which acts by virtue of statutory power, and whose acts, to be valid, must be authorized by statute. *Willey* v. *Strickland*, 8 Ind. 453; *Draggoo* v. *Graham*, 9 Ind. 212; *The Ohio, etc., R. R. Co.* v. *Hanna*, 16 Ind. 391.

Section 10 of the act defining the jurisdiction of justices of the peace in civil cases provides, that "justices of the peace shall have jurisdiction to try and determine suits

Richards *v.* Reed.

founded on contracts or tort, where the debt or damage claimed or the value of property sought to be recovered does not exceed one hundred dollars," etc. 2 G. & H. 579.

By the above section, a justice of the peace has jurisdiction to try and determine suits founded upon contracts or torts, or where the title to personal property may be involved. The evident intention was to limit the civil jurisdiction of justices to ordinary suits upon contracts and torts, and replevin, or the like.

It was held by this court, in *Ainsworth* v. *Atkinson*, 14 Ind. 538, that an action to enforce a mechanic's lien did not come within the purview of the above section.

It was held by this court, in *Snell* v. *Mohan*, 38 Ind. 494, that a justice of the peace could not render a judgment to foreclose a chattel mortgage.

The language employed in the act in relation to arbitrations and umpirage clearly shows that the court of a justice of the peace was not intended. It is declared in the thirteenth section above quoted, that "the court shall cause such submission and award to be entered of record, and shall grant a rule thereon." The word cause was intended to apply to a court that had a clerk. An examination of the justices' act will show that where the legislature has required any act to be done by a justice of the peace, it provided that he shall do the thing required, not that he shall cause it to be done, except where he is required to cause others to do certain things. The court is also required by said section to enter a rule against an adverse party. Such a practice is unknown in a justice's court. It is also provided by such section that the rule shall operate "at that or the succeeding term of the court." Thus plainly showing that a court was intended which had terms, and not a court that was open at all times.

It is also provided in the fifteenth section of said act, that the rule shall be served ten days, the usual time required in the circuit and common pleas courts.

It is also provided in the twenty-fourth section of said act, that the report shall be "entered on the order book."

We are very clearly of the opinion that a submission under our statute to arbitration or umpirage cannot be made a rule of the court of the justice of the peace, and as the court must be designated in the submission, and as the award must be filed in the court designated, it results that the justice of the peace possessed no power or jurisdiction to render judgment on the said award, and that such judgment was null and void.

There are grave objections to the award, but the conclusion we have reached renders it unnecessary for us to notice them.

We are of the opinion that the court committed no error in dismissing the action based upon the award.

The judgment is affirmed, with costs.

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.