Brown *v.* Goble.

---

No. 11,603.

## BROWN v. GOBLE.

JUSTICE OF THE PEACE.—*Attachment.—Publication against Actual Resident. —Motion to Set Aside Judgment.—Appeal.—Jurisdiction.*—Where proceedings in attachment were instituted before a justice of the peace against a resident of this State, and upon an affidavit of non-residence publication was made and judgment entered on default, the judgment can not be set aside by the justice, upon a motion founded upon an affidavit of residence and want of notice, made after the time fixed by statute within which such motion must be made had expired ; nor can the circuit court acquire jurisdiction of the matter by an appeal from the refusal of the justice.

SAME.—*Void Judgment.—Relief in Equity.* —A person against whom a judgment is rendered, valid only on its face, is entitled to be relieved from it, although the judgment is in fact void, but a justice of the peace has not the jurisdiction in an equity proceeding to grant such relief.

SAME.—In the decision of cases within their jurisdiction justices of the peace should act upon established principles of equity, but they can not assume jurisdiction of suits in equity.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellant.
*B. M. Cobb* and *C. W. Watkins,* for appellee.

ELLIOTT, C. J.—On the 20th of August, 1883, the appellee instituted, before a justice of the peace, proceedings in attachment against the appellant, charging in the affidavit that the latter was not a resident of this State. Notice was given by publication, and on the 14th of September a default was entered and judgment rendered. On the 31st day of the following October the appellant filed a motion to set aside the judgment, supported by an affidavit alleging that he had no actual notice of the proceeding, and that he was a resident of Clear Creek township, Huntington county, at the time the action was begun. The justice set the time for hearing the motion and gave notice to the appellee, and upon the hearing denied the motion. On the 5th day of November, the day the ruling on the motion was made, the appellant filed an appeal bond, and the justice sent the case to the circuit court. On the 7th day of January, 1884, the appellee moved to dismiss the appeal, and on the 9th day of that month an order was entered sustaining the motion.

The affidavit filed by the appellant shows that the justice of the peace had no jurisdiction over him, and, therefore, makes out a very different case from that of a non-resident defendant asking relief from a judgment rendered upon constructive notice. If the appellant was, as the affidavit shows, a resident of the State, no jurisdiction of his person could be acquired by publication, for in such cases jurisdiction can, as a general rule, only be acquired by service of process. *Beard* v. *Beard,* 21 Ind. 321 ; *Johnson* v. *Patterson,* 12 Ind. 471 ; *Willman* v. *Willman,* 57 Ind. 500. The affidavit of the appellant shows a judgment rendered without jurisdiction of the person of the defendant, and such a judgment is invalid.

The person against whom a judgment is rendered, which appears to be valid, is entitled to be relieved from it, although it is in fact void. *Cain* v. *Goda,* 84 Ind. 209. It would be

a gross perversion of justice to refuse aid to a party against whom a judgment was rendered in a case where no notice at all had been given him, and a notice wholly unauthorized by law is in legal contemplation no notice.

The appellant was entitled to relief upon the showing made by him, and the only question is whether the justice who rendered the judgment had jurisdiction to grant the relief. Justices of the peace have no general jurisdiction, nor have they any general equity powers. Their courts are courts of inferior and limited jurisdiction, and their powers are restricted to those which the statute confers. There is no general power to vacate or annul judgments, nor is there any general power to grant new trials. The power to grant new trials must be exercised pursuant to the statute and within the time limited, and defaults can only be set aside in the manner and within the time prescribed by statute. The motion in this case was not filed within the time prescribed for granting new trials or for setting aside defaults, and under the rule long settled by the decision of this court, the justice had no authority to entertain the motion. *Vogel* v. *Lawrenceburgh, etc., Co.*, 49 Ind. 218; *Foist* v. *Coppin*, 35 Ind. 471; *Smith* v. *Chandler*, 13 Ind. 513. The adjudged cases are strongly in support of this general doctrine. *Roberts* v. *Warren*, 3 Wis. 736; *Brown* v. *Kellogg*, 17 Wis. 475; *Crandall* v. *Bacon*, 20 Wis. 639; *White* v. *Conover*, 5 Blackf. 462; *Board, etc.*, v. *State*, 61 Ind. 75; *Doctor* v. *Hartman*, 74 Ind. 221; *Board, etc.*, v. *Logansport, etc., Co.*, 88 Ind. 199.

The courts of justices of the peace are not invested with equity jurisdiction, and can not assume jurisdiction and grant relief upon general equity principles as courts of general superior jurisdiction have power to do. *Ainsworth* v. *Atkinson*, 14 Ind. 538; *Snell* v. *Mohan*, 38 Ind. 494; *Richards* v. *Reed*, 39 Ind. 330; *Doyle* v. *State, ex rel.*, 61 Ind. 324. In the decision of cases within their jurisdiction justices of the peace should act upon and be ruled by established principles of equity, but they can not assume jurisdiction of suits in equity.

The justice had no jurisdiction over the motion of the appellant, and the appeal to the circuit court did not confer jurisdiction upon that tribunal. *Doyle* v. *State, supra ; Jolly* v. *Ghering,* 40 Ind. 139.

The appellant is not, as his counsel contend, remediless under the former decisions of this court, for he can secure complete relief from the court of general superior jurisdiction. Courts of that class possess inherent equity powers, and may enjoin the enforcement of a judgment apparently valid but in fact void, and they may also declare the invalidity of such a judgment, and decree that it be annulled. *Nealis* v. *Dicks,* 72 Ind. 374 ; *Earle* v. *Earle,* 91 Ind. 27, see opinion, p. 35 ; *Cavanaugh* v. *Smith,* 84 Ind. 380; *Sanders* v. *State,* 85 Ind. 318 ; S. C., 44 Am. R. 29 ; *Little* v. *State,* 90 Ind. 338 (46 Am. R. 224), *vide* opinion, p. 339 ; 2 Pomeroy Eq., section 836.

The case before us is not one where there is a defective notice, but is one where there is no legal notice at all. Where there is a defective notice, and the court has passed upon its sufficiency, then, as a general rule, the judgment is not subject to review in a collateral attack. Freeman Judg. 126 ; *Muncey* v. *Joest,* 74 Ind. 409 ; *McAlpine* v. *Sweetser,* 76 Ind. 78 ; *Hume* v. *Conduitt,* 76 Ind. 598 ; *Stout* v. *Woods,* 79 Ind. 108.

The case in hand does not fall within the rule declared by the authorities cited, but falls within the rule established in the following cases : *Johnson* v. *Ramsay,* 91 Ind. 189 ; *Brickley* v. *Heilbruner,* 7 Ind. 488 ; *Grass* v. *Hess,* 37 Ind. 193 ; *Earl* v. *Matheney,* 60 Ind. 202 ; *Cain* v. *Goda, supra.*

The jurisdiction to annul the judgment is in the courts of superior general jurisdiction, as we have already seen and as the cases cited adjudge, and the appellant's course was not the proper one. Judgment affirmed.

Filed Sept. 19, 1884.