# CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* TOWN OF SALEM.

[No. 20,190.    Filed April 5, 1904.]

COURTS.—*Town Clerk .Has Exclusive Jurisdiction of Prosecutions for Violations of Town Ordinances.*—The circuit court had no jurisdiction of prosecutions for the violation of town ordinances, except when appealed from the judgment of the town clerk, after the act of 1901 (Acts 1901, p. 57, §§ 4346-4346d Burns 1901) creating the court of town clerk and giving such court exclusive jurisdiction of prosecutions for violations of town ordinances went into effect.  *p. 429.*

SAME.—*Jurisdiction.—Appeal.*—Where the court from which the appeal is taken had no jurisdiction of an action to recover a penalty for the violation of a town ordinance, the Supreme Court on appeal therefrom has no power to determine the validity of the ordinance.  *p. 429.*

From Orange Circuit Court; *T. B. Buskirk,* Judge.

Action by the town of Salem against the Chicago, Indi-

anapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field* and *H. R. Kurrie,* for appellant.

*S. H. Mitchell, E. C. Mitchell* and *G. H. Hester,* for appellee.

Monks, J.—Appellee, in 1902, brought this action against appellant in the Washington Circuit Court to recover the penalty for an alleged violation of an ordinance of said town. The venue of said cause was changed to the court below, where appellant filed a motion to dismiss said cause for the reason that the circuit court had no jurisdiction thereof. The court below overruled said motion, to which ruling appellant excepted. A trial of said cause resulted in a finding and judgment against appellant. The assignment of errors calls in question the action of the court in overruling said motion to dismiss the action, and the validity of said ordinance.

The legislature passed an act (Acts 1901, p. 57, §§4346-4346d Burns 1901) creating the court of town clerk, and gave said court exclusive jurisdiction of all prosecutions for the violation of the ordinances of the town. *Baltimore, etc., R. Co. v. Town of Whiting,* 161 Ind. 228. It is evident that after said act took effect the circuit court had no jurisdiction of prosecutions for the violation of town ordinances except when appealed from the judgment of the town clerk to that court. *State, ex rel.,* v. *Board, etc.,* 101 Ind. 69; *Board, etc.,* v. *Maxwell,* 101 Ind. 268. As this is a prosecution for the violation of a town ordinance, the court below erred in overruling said motion to dismiss the same. The court below having no jurisdiction over this cause, it follows that this court has no power on this appeal to determine the validity of said ordinance.

Judgment reversed, with instructions to sustain appellant's motion to dismiss said action for want of jurisdiction over the subject-matter.