# Steinmetz, by Next Friend, *v.* G. H. Hammond Company.

### [No. 20,837.   Filed October 2, 1906.]

1. JURISDICTION.—*City Courts.—Appeal.—Superior Courts.*—The superior and circuit courts have no jurisdiction of a cause of action appealed from a city court, where such city court had none.   p. 156.

2. SAME.—*City Courts.—Justices of the Peace.—Statutes.*—City and justices' courts are of inferior and limited jurisdiction and possess only the powers expressly granted by statute or necessarily implied therefrom.   p. 156.

3. FRAUD.—*Effect of.—Judgment.*—Fraud vitiates a judgment. p. 156.

4. JUDGMENT.—*Setting Aside for Fraud.—Courts.—Jurisdiction.* —Circuit and superior courts have jurisdiction to set aside and annul judgments obtained by fraud.   p. 157.

5. COURTS. — *City. — Jurisdiction.—Equity Cases.*—City courts have no equity jurisdiction, and cannot set aside judgments obtained by fraud.   p. 157.

6. SAME.—*City.—Justices of the Peace.—Jurisdiction.—Equity Cases.*—City courts have no equity jurisdiction under §3669 Burns 1901, Acts 1891 p. 24, §2, providing that their jurisdiction, with certain additions, shall be concurrent with mayors' and justices' courts, since neither justices' courts (§1500 Burns 1901, §1433 R. S. 1881), nor mayors' courts (§3497 Burns 1901, §3062 R. S. 1881), are granted such power.   p. 157.

7. JURISDICTION.—*Waiver.—Consent.—Motions.*—Jurisdiction of the subject-matter cannot be waived either by silence or consent; and the want of jurisdiction may be questioned at any stage of a case; and where such want appears upon the face of the record, no formal motion is necessary to present the question.   p. 159.

8. APPEAL AND ERROR.—*Jurisdiction.—Raising Question for First Time in Supreme Court.*—An objection for want of jurisdiction may be raised for the first time in the Supreme Court.   p. 159.

9. SAME.—*Jurisdiction.—Judgment.—Superior Court.—Reversal.* —Where the superior court entered a decree on the merits for defendant in an equity case appealed from a city court having no jurisdiction over the subject-matter, the Supreme Court will remand said cause with an order to vacate such judgment and dismiss the suit.   p. 159.

From Lake Superior Court; *H. B. Tuthill,* Judge.

Suit by Philip Steinmetz, Jr., by his next friend, against the G. H. Hammond Company. From a decree for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*L. L. Bomberger,* for appellant.

*John B. Peterson,* for appellee.

JORDAN, C. J.—This suit was commenced on June 2, 1903, by appellant, a minor, by his next friend, in the city court of the city of Hammond, Lake county, Indiana, to have a certain judgment rendered in said court declared void, vacated and set aside, on the ground of fraud perpetrated by appellee in securing the rendition thereof.

The following are some of the material facts disclosed by the amended complaint filed in the proceedings: On November 12, 1902, appellant, Philip Steinmetz, a minor in the employ of appellee company, was injured through its alleged negligence while at work in its packing house at the city of Hammond, Indiana, on account of which injuries his left arm had to be amputated near the shoulder, etc. On November 15, 1902, the father of appellant, Philip Steinmetz, as his next friend, instituted in the city court of Hammond against appellee, in the name of appellant, an action for damages arising out of said injuries. The city of Hammond is incorporated under the general laws of this State pertaining to the incorporation of cities. The damages sought to be recovered in the action were laid at $500, the limit of the jurisdiction of said court under the laws of this State in an action for the recovery of money. It is shown that the defendant, by its attorneys, appeared to said action without any service of process. A jury was demanded and impaneled, and it returned a verdict in favor of the plaintiff for $500. It is charged that this verdict was not returned upon any evidence given in the case, but was returned solely upon statements made to

the jurors that $500 was the amount agreed upon by the parties. A motion for a new trial was made by the defendant company, which was overruled, and judgment was thereupon rendered on the verdict of the jury. This judgment was immediately paid by the defendant company to appellant's father, who accepted same in full satisfaction of said judgment. The complaint contains many allegations of fraud and fraudulent representations made by appellee company herein and its agents, to induce appellant's father to commence said action as his next friend. It is shown, among other things, that the action was instituted by attorneys who were in the employ of the appellee at the time, and were not attorneys of the plaintiff, and did not in good faith represent him; that these agents and attorneys informed the judge of said city court "that a *bona fide* compromise and settlement of plaintiff's claim has been agreed upon, and upon said representations made to him the judge of said court entertained jurisdiction of said cause, but only in a formal manner; that plaintiff's father was not, and never has been, the legal guardian of plaintiff, and had no authority to compromise or adjust any claims which the plaintiff had against defendant on account of said injuries, and the question of the sufficiency of said settlement and compromise was not presented to said court, and was effected wholly without the knowledge and consent of plaintiff." At the time the action was commenced and judgment was rendered, appellant, by reason of his injuries, was confined in the hospital, suffering therefrom, and had no knowledge that said action had been instituted and a judgment rendered therein. As soon as he was informed of that fact he expressed his disapproval of said proceeding. It is further charged that the sum of $500 was an amount grossly inadequate and insufficient to compensate the plaintiff for his injuries, etc. The pleading closes with the prayer that said judgment, rendered on November 15, 1902, as aforesaid disclosed, be declared

void, vacated and set aside, and for all other and proper relief. The city court of Hammond entertained jurisdiction in this action, and upon the trial rendered a judgment therein against appellant, and from this judgment he appealed to the Lake Superior Court, wherein there was a demurrer to the complaint overruled, an answer in several paragraphs filed by defendant and the demurrer thereto overruled, and on the issues joined there was a trial by court, and a judgment rendered against appellant, from which this appeal is prosecuted.

At the very threshold we are met with the contention of appellee's counsel that the city court of Hammond had no jurisdiction over the subject-matter of this action, and hence this appeal cannot be considered or maintained. It is settled beyond successful controversy that if the city court in which this suit was commenced had no jurisdiction of the subject-matter, then, under the circumstances, the Lake Superior Court acquired no jurisdiction of the subject-matter by appeal. *Jolly* v. *Ghering* (1872), 40 Ind. 139; *Mays* v. *Dooley* (1877), 59 Ind. 287, and cases cited; *Horton* v. *Sawyer* (1877), 59 Ind. 587; *Brown* v. *Goble* (1884), 97 Ind. 86; *Myers* v. *Gibson* (1899), 152 Ind. 500.

In this State the courts of justices of the peace and city courts, like that in which this action was instituted, are of inferior and limited jurisdiction, and possess no power or jurisdiction except that which is expressly conferred by the statute and such as is necessarily implied or incidental to the power or jurisdiction so conferred. *McNulty* v. *Connew* (1875), 50 Ind. 569, and cases cited; *Brown* v. *Goble, supra.*

It will be observed that under the facts alleged in the complaint the object of this suit is to set aside and vacate a judgment procured or obtained by the alleged fraud of appellee. The ancient principle that fraud vitiates everything is applicable to judgments.

*Adams School Tp.* v. *Irwin* (1898), 150 Ind. 12; *State* v. *Hindman* (1903), 159 Ind. 586.

That a court of superior general jurisdiction may, upon sufficient facts, set aside and annul a judgment obtained by fraud, and relieve the party so defrauded there-

4. from, is a well-settled proposition. *Nealis* v. *Dicks* (1880), 72 Ind. 374; *Hogg* v. *Link* (1883), 90 Ind. 346; *Spahr* v. *Hollingshead* (1847), 8 Blackf. 415; *Nicholson* v. *Nicholson* (1888), 113 Ind. 131; *English* v. *Aldrich* (1892), 132 Ind. 500, 32 Am. St. 270.

As the power to set aside and annul judgments procured by fraud is lodged in courts of superior general jurisdiction, which are invested with the power to grant relief in

5. equity or chancery cases, it is manifest that appellant in commencing his action in the city court of Hammond selected the wrong tribunal. While a city court, like that of a justice of the peace, in the trial of a cause over which it has jurisdiction of the subject-matter, should be guided and controlled by both legal and equitable principles, so far as applicable, nevertheless such a court possesses no equity or chancery jurisdiction, or powers which will authorize it to review and set aside either its own judgment or that of any other court on the ground that such judgment was obtained or procured by fraud.

Section 3669 Burns 1901, Acts 1891, p. 24, §2, of the statute governing the creation of city courts, like the one herein involved, provides, among other things, that

6. a city court "shall have original concurrent jurisdiction with justices of the peace and with city mayors in all matters criminal and civil of which justices of the peace or mayors have or may hereafter have jurisdiction. And shall also have original concurrent jurisdiction with the circuit court in civil causes where the amount in controversy does not exceed $500, except in actions for slander, libel, foreclosure of mortgages on real estate or where the title of real estate is in issue, excepting all matters relating

to the settlement of decedents' estates, appointment of guardians and all matters connected therewith. Such court shall be governed, so far as may be, by the laws, rules, practice and pleadings governing proceedings in the circuit courts of the State, except as in this act is otherwise provided."

It will be noted that this statute invests city courts with original concurrent jurisdiction with justices of the peace and with the city mayor. By §3497 Burns 1901, §3062 R. S. 1881, the mayor of a city, in addition to the particular powers therein granted, is in civil actions invested, within the limits of the city, with the jurisdiction and powers of a justice of the peace. Turning to §1500 Burns 1901, §1433 R. S. 1881, we find that therein it is provided that "justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, where the debt or damage claimed or value of the property sought to be recovered does not exceed $100, and concurrent jurisdiction to the amount of $200, but the defendant may confess judgment for any sum not exceeding $300. No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."

That a justice of the peace under the laws of this State is not invested with the powers of a court of equity, and is not authorized to assume jurisdiction and award relief in equity cases, as is a court of superior general jurisdiction, is settled by repeated decisions of this court. *Brown* v. *Goble, supra,* and cases cited; *Leary* v. *Dyson* (1884), 98 Ind. 317; *Greenwaldt* v. *May* (1891), 127 Ind. 511, 22 Am. St. 660.

In the latter appeal Judge Elliott, speaking for the court, said: "As the judgment for costs was obtained by fraud, equity will enjoin its collection, for the justice of the peace had no authority to review his own judgment on the ground

of fraud. A justice of the peace possesses no equity juris-diction and cannot set aside or annul his judgment, except in the mode provided by statute, and the statute does not authorize him to review a judgment. *Ainsworth* v. *Atkinson* [1860], 14 Ind. 538; *Snell* v. *Mohan* [1872], 38 Ind. 494; *Richards* v. *Reed* [1872], 39 Ind. 330; *Doyle* v. *State, ex rel.* [1878], 61 Ind. 324; *Brown* v. *Goble* [1884], 97 Ind. 86." In view of the statute conferring jurisdiction upon city courts, it is evident that if a justice of the peace has no equity jurisdiction, neither is a city court invested therewith.

7. An objection that a court has no jurisdiction of the sub-ject-matter of the action cannot be waived either by the silence or express consent of the parties, and may be interposed at any stage of the action. Where want of jurisdiction of the subject-matter is apparent upon the face of the proceedings or record in a cause, no formal motion is necessary to present that question to the court. *McCoy* v. *Able* (1892), 131 Ind. 417.

8. Such objection may be interposed for the first time in the Supreme Court on appeal. *Branson* v. *Studabaker* (1892), 133 Ind. 147; Elliott, App. Proc., §470; Ewbank's Manual, §7.

9. It must follow, and we so adjudge, that the city court of Hammond had no jurisdiction over the subject-matter of this action, and consequently the Lake Superior Court acquired none thereover by the appeal. The cause is, therefore, remanded to the Lake Superior Court at the cost of appellant, with instructions to that court to vacate its judgment, and to permit appellant, if he desires, to dismiss the action; otherwise the appeal from the city court should be dismissed.

Gillett, J., did not participate in the decision of this cause.