BOARD OF COMMISSIONERS OF THE COUNTY OF MARION *v.* JEWETT.

[No. 22,884. Filed December 8, 1915.]

1. APPEAL.—*Questions Reviewable.*—*Jurisdictional Questions.*—Objection that the trial court had not jurisdiction of the subject-matter may be raised at any stage of the proceedings, and, though not formally raised, the lack of such jurisdiction must be taken cognizance of by the court on appeal if apparent on the face of the record, since if the trial court was without power to entertain the action and decide the questions involved the court on appeal is equally without power to review the correctness of its decision of such questions. p. 67.

2. COURTS.—*Jurisdiction.*—*Waiver.*—Jurisdiction of the general subject-matter can neither be waived nor conferred by the parties. p. 67.

3. CONSTITUTIONAL LAW.—*Legislative and Judicial Functions.*— *Legislative Apportionments.*—The making of a legislative apportionment is a legislative function and the exercise of political power, but when made the question of its validity becomes a matter of judicial cognizance when steps are taken to elect thereunder. p. 68.

4. CONSTITUTIONAL LAW.—*Legislative Apportionments.*—*Delegation of Power to Board of Commissioners.*—*Injunction.*—Where pursuant to the constitutional mandate relating to legislative apportionments, the legislature passed an act fixing the number of representatives in the General Assembly, apportioning them among the several counties of the State, and providing that each county having three or more representatives should be divided into legislative districts by the board of county commissioners, a suit would not lie to enjoin a board of commissioners from proceeding to establish such districts either on the theory that the making of such division is a nondelegable legislative function, or that the act is itself unconstitutional and void, since the right of the General Assembly to act without interference or hindrance from judicial interposition exists regardless of the constitutionality of its proposed action, and the same exemption applies to the board in attempting to exercise a legislative function directed by the General Assembly in furtherance of its proposed action. pp. 68, 70.

5.　CONSTITUTIONAL LAW.—*Legislative Functions.—Delegation of Powers.—Interference by Judiciary.*—The fundamental maxim of constitutional law that the legislature, having been invested by the people constituting the sovereign State with its general law-making power, must hold and itself exercise that function, does not preclude in all instances the delegation of functions in some degree governmental or legislative in character, and when a delegation of power, legislative in its nature, has been made or essayed its exercise by the body upon which it is, or is attempted to be, bestowed is as free from judicial control as though it were attempted by the legislature itself.　p. 69.

6.　CONSTITUTIONAL LAW.—*Governmental Agencies.—Boards of County Commissioners.*—County boards are recognized by the Constitution as local governmental agencies.　p. 69.

7.　CONSTITUTIONAL LAW.—*Legislative Functions.—Intervention by Judiciary.*—The right of the courts to intervene in a legislative function does not arise until after the exercise of such function has been accomplished and a question of the validity of the action has been properly presented.　p. 70.

From Marion Circuit Court (25,266); *Louis B. Ewbank,* Judge.

Action by Charles W. Jewett against the Board of Commissioners of the County of Marion.　From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Henry Warrum, E. B. Raub, Ryan, Ruckelshaus & Ryan* and *Walter Myers,* for appellant.

*Leander J. Monks, John F. Robbins, William P. Kappes, Charles O. Roemler* and *Merrill Moores,* for appellee.

Cox, J.—The Constitution of the State provides as follows in reference to the legislative department of the State:　"The general assembly shall, at its second session after the adoption of this Constitution, and every six years thereafter, cause an enumeration to be made of all male inhabitants over the age of twenty-one years."　Constitution, Art. 4, §4.　And following this there is the following provision:　"The number of Senators and Representatives shall, at the session next following each period

of making such enumeration, be fixed by law, and apportioned among the several counties, according to the number of male inhabitants above twenty-one years of age in each." Constitution, Art. 4, §5.

In obedience to the mandate of the Constitution just set out the General Assembly has provided by law for such enumeration to be taken by township trustees. Acts 1865 p. 41, §4781 R. S. 1881, §7132 Burns 1914.. Under that law an enumeration was made in 1913 and upon it and pursuant to the duty enjoined by the constitutional provision last above set out the General Assembly at its regular session in 1915 fixed the number or representatives in the General Assembly at one hundred and apportioned them among the several counties of the State. Acts 1915 p. 656. In this apportionment certain counties were given two representatives each, others three each, one four and Marion County ten. It was then provided in §3 of the act as follows: "Every county having three (3) or more full representatives under the provisions of this act shall be divided into representative districts equal to the number of representatives to be elected from such county. The boards of county commissioners of such counties shall on or before June 1, 1915, divide their respective counties into representative districts, giving to each district, as nearly as may be, an equal number of electors. The territory included in any district shall be contiguous. For the purpose of determining the number of electors, the boards shall cause an enumeration of electors in their counties or they may use the enumeration made by the township trustees if the same shall be adequate to determine the number of electors for each district. If the board of county commissioners of any county shall fail or refuse to divide such county on or before June 1,

1915, into representative districts, the representatives from such county shall be elected by the whole county. Any county divided into representative districts under the provisions of this act, shall not be changed during the time this act shall be in force. The boards of county commissioners are authorized to incur any expenditures in connection with the taking of the enumeration of electors which shall be paid without an appropriation by the county council." Acts 1915 p. 656.

In a complaint filed May 28, 1915, and amended on May 29, and a supplemental complaint filed June 1, 1915, appellee sued as a taxpayer and voter, for himself and all other taxpayers and voters perpetually to enjoin and restrain the Board of County Commissioners of Marion County, James Kervan, James Kitley and James G. Hayes as commissioners constituting the board and William T. Patten, auditor of the county, from adopting any order or ordinance dividing the county into districts for the election or nomination of the ten representatives apportioned to it, under and in accordance with §3, *supra.* Appellants demurred to the complaint for want of facts sufficient to constitute a cause of action. From a ruling adverse to them on the demurrer and a judgment against them on their refusal to plead further appellants have brought this appeal.

The essential theory of appellee's complaint is that any order or ordinance which appellant board of commissioners might make or promulgate in dividing the county into ten districts and apportioning the ten representatives assigned to it would be void and ineffective for the reason that apportioning representatives to the counties and creating districts for the election of representatives is a legislative function and as such can not be delegated,

and, therefore, it is claimed, §3, *supra*, is unconstitutional and void; and that such order or ordinance would be void and ineffective to bind any one for the further reason that both it and §3, *supra*, which assumes to authorize it would deprive appellee, as a voter of Marion County, of a right and privilege, which is claimed as a constitutional one, to vote for ten representatives; and that such order or ordinance would be void and ineffective for the further reason that the legislative authority sought to be conferred is itself unconstitutional and void because, it is claimed, it is local and special legislation of a character forbidden by the Constitution; and finally that the enumeration of 1913, being by townships, is shown to be inadequate to provide a basis for division of the county into districts and that the board had not and could not in the time remaining take the alternative enumeration of the county contemplated by §3, *supra*.

A question of jurisdiction of the subject-matter of appellee's action at once arises against the consideration of the questions involved in appellee's 1. complaint. If the circuit court had not jurisdiction of the general subject-matter of the action that fact could be raised at any stage of the proceedings and in fact must be taken cognizance of by this court whether formally raised or not if apparent on the face of the record. If in such case the lower court was without power to entertain the action and decide the questions involved this court is equally without power to review the correctness of its decision of such questions. Jurisdiction of the general subject-matter can not be waived and 2. can not be conferred by the parties. *Smith v. Myers* (1887), 109 Ind. 1, 9 N. E. 692, 58 Am. Rep. 375; *McCoy v. Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Chicago, etc., R.*

*Co.* v. *Town of Salem* (1904), 162 Ind. 428, 70 N. E. 530; *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628; *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 302, 98 N. E. 349, Ann. Cas. 1915 C 325, and cases cited; *State, ex rel.* v. *Van Beek* (1893), 87 Iowa 569, 54 N. W. 525, 43 Am. St. 397, 19 L. R. A. 622; Ewbank's Manual (2d. ed.) §289 and cases cited; 7 R. C. L. 1042, §75. That

3.   the making of a legislative apportionment is a legislative function and the exercise of political power, but that its validity when made is a matter of judicial cognizance when steps are taken to elect under the completed apportionment is definitely settled in this State. *Parker* v. *State, ex rel.* (1893), 133 Ind. 178, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567; *Denny* v. *State, ex rel.* (1896), 144 Ind. 503, 42 N. E. 929, 31 L. R. A. 726. But

4.   here the General Assembly has apportioned the representatives among the several counties of the State and has sought to delegate to county boards in those counties which have three or more representatives the function of dividing such counties into districts and apportioning each of the allotted representatives to a district. Whether a division of counties entitled to plural representatives into districts might be made by the General Assembly itself or whether the delegation of the function attempted by §3, *supra,* is constitutional is not a proper subject of inquiry in this action. Had the General Assembly undertaken by bill formally introduced in that body to do the very thing which it has assumed to delegate to the county board of Marion County no one would assert that any court would assume jurisdiction to entertain an action to enjoin that body from carrying that bill through the various processes to enactment into law. Is the function, then, any the less a legislative one and the

Board, etc. *v.* Jewett—184 Ind. 63.

exercise of political power because it is sought to be exercised by a subalternate governmental agency to which the General Assembly has by the act before us sought to delegate it? The right of the General Assembly to act without interference or hindrance from judicial interposition would exist whether the action was justified by ample constitutional authority or made doubtful by constitutional restraints. And so the board of commissioners in proceeding to exercise the same function must be held to be free to do so without being restrained in its action by the judiciary.

It is a fundamental maxim of constitutional law that the legislature of a state having been invested by the people constituting the sovereign state with its general lawmaking power must hold and itself exercise that function of government. But this does not mean that in no circumstances in no degree can functions, governmental and legislative in character, be delegated. Fundamental as the maxim is, it is so qualified by the customs of our race, and other maxims which regard local government, that the right of the legislature in the entire absence of authorization or prohibition, to create towns and other inferior municipal organizations as governmental agencies and to confer on them the power of local government has always passed unchallenged. Cooley, Const. Lim. (7th ed.) 163, 264; 6 R. C. L. 164, §165 *et seq.;* 8 Cyc 837-839. In this State county boards are recognized by the Constitution as local governmental agencies. *State, ex rel.* v. *Goldthait* (1909), 172 Ind. 210, 216, 87 N. E. 133, 19 Ann. Cas. 737. When such delegation of power, legislative in its nature, has been made or essayed its exercise by the body upon which it is or is attempted to be bestowed is deemed

as free from judicial control as though it were 7. attempted by the legislature itself. The right of the courts to intervene arises after the exercise of the legislative function is accomplished and a question of the validity of the action is presented in some justiciable controversy. 5 Pomeroy, Eq. Jurisp. §339 *et seq.;* 2 High, Injunctions (4th ed.) §1243; 8 Cyc 848 and cases there cited; *Stevens* v. *St. Mary's Training School* (1893), 144 Ill. 336, 32 N. E. 962, 36 Am. St. 438, 18 L. R. A. 832; *Alpers* v. *San Francisco* (1887), 12 Saw. 631, 32 Fed. 503; *State, ex rel.* v. *Gates* (1905), 190 Mo. 540, 89 S. W. 881, 2 L. R. A. (N. S.) 152, note; *Roberts* v. *City of Louisville* (1891), 92 Ky. 95, 17 S. W. 216, 13 L. R. A. 844, note; *Des Moines Gas Co.* v. *City of Des Moines* (1876), 44 Iowa 505, 24 Am. Rep. 756; 16 Notes to American Reports 581. In *Des Moines Gas Co.* v. *City of Des Moines,* *supra,* it was said: "The General Assembly is a co-ordinate branch of the State Government, 4. and so is the law-making power of public municipal corporations within the prescribed limits. It is no more competent for the judiciary to interfere with the legislative acts of the one than the other. But the unconstitutional acts of either may be annulled. Certainly the passage of an unconstitutional law by the General Assembly could not be enjoined. If so, under the pretense that any proposed law was of that character, the judiciary could arrest the wheels of legislation. * * * After its passage the judiciary may declare the law unconstitutional." In *Alpers* v. *San Francisco, supra,* Mr. Justice Field after calling attention to the fundamental rule that courts are without power to enjoin the legislature in the exercise of its legislative authority proceeds: "The suggestion of any such jurisdiction of the court over that body would not

be entertained for a moment. The same exemption from judicial interference applies to all legislative bodies, so far as their legislative discretion extends. Municipal corporations are instrumentalities of the State for the more convenient administration of local affairs, and for that purpose are invested with certain legislative power. In the exercise of that power, upon the subjects submitted to their jurisdiction, they are as much beyond judicial interference as the legislature of the State. The courts can not in the one case forbid the passage of a law nor in the other the passage of a resolution, order, or ordinance. If by either body, the legislature or the board of supervisors, an unconstitutional act be passed, its enforcement may be arrested. The parties seeking to execute the invalid act can be reached by the courts, while the legislative body of the State, or of the municipality, in the exercise of its legislative discretion, is beyond their jurisdiction. The fact that in either case the legislative action threatened may be in disregard of constitutional restraints, and impair the obligation of a contract, as alleged in this case, does not affect the question. It is legislative discretion which is exercised, and that discretion, whether rightfully or wrongfully exercised, is not subject to interference by the judiciary."

It appearing that the circuit court was without jurisdiction of the subject-matter of the action the judgment is reversed with instructions to dissolve the restraining order against appellants and sustain the demurrer to the complaint.

NOTE.—Reported in 110 N. E. 553. As to the jurisdiction of an appellate court on appeal where the lower court had no jurisdiction of the subject-matter, see Ann. Cas. 1913 C 120. See, also, under (1) 3 C. J. 752; 2 Cyc 680; (2) 11 Cyc 873; (3) 8 Cyc 846; (4) 8 Cyc 848; (5) 8 Cyc 830; (6) 11 Cyc 380; (7) 8 Cyc 798.