STATE OF INDIANA ON THE RELATION OF HOWARD
*v.* LAKE CIRCUIT COURT, KAUL, JUDGE, ETC.

[No. 29,192.  Filed September 15, 1954.]

*Roth, Wechsler & Dryfus*, of Gary, for relator.

*George W. McCain*, of Gary, for respondent.

PER CURIAM—This is an original action for a writ of prohibition. We issued a temporary writ prohibiting the Lake Circuit Court from exercising any further jurisdiction in a certain cause entitled John Pavlon v. Johnnie L. Howard, number C54-391, which was a proceeding for a recount of the ballots for nomination on the Democratic ticket for the office of Member of Calumet Township Advisory Board of Lake County.

The return to the petition here is not verified, but it does have attached certified copies of certain court records which constitute proper evidence here. See *State ex rel. Wall* v. *Cass Circuit Court* (1954), 233 Ind. 192, 117 N. E. 2d 126.

On May 4, 1954, the Primary election was held, and there were sixteen persons on the Democratic primary ballot to be voted for to select three candidates for the Calumet Township Advisory Board. The relator, Johnnie L. Howard, was certified by the Lake County Board of Canvassers as one of the three nominees for Advisory Board. John Pavlon was not certified as nomi-

nated, and on May 10th, Pavlon filed in the Lake Circuit Court a verified petition for a recount. His petition made Johnnie L. Howard only a party defendant, and none of the other remaining fourteen candidates voted for were named either in the caption or the body of the petition.

On May 28, 1954, relator Howard filed a demurrer which stated the court had no jurisdiction of the subject matter of the action for the reason that the other fourteen candidates for Advisory Board were not made parties to the petition. This demurrer was overruled June 3, 1954. On June 9, 1954, relator Howard filed a motion to dismiss the cause for want of jurisdiction of the subject matter, which motion was overruled June 9, 1954.

On May 28, 1954, relator Howard filed what he designated a cross-petition, to which he made Pavlon a party defendant as well as all other candidates for nomination for Advisory Board on the Democratic ticket. On June 1, 1954, the Lake Circuit Court ordered cause number C54-391 consolidated with another cause for recount number C54-402, and appointed recount commissioners and ordered a recount.

"The procedure for an election contest and for a recount of votes is purely statutory, and one seeking relief under the statute must bring himself strictly within its terms. *Martin* v. *Schulte* (1932), 204 Ind. 431, 182 N. E. 703.

"The public has an interest in the speedy determination of controversies affecting elections, and provisions of the statute limiting the time within which steps may be taken are universally regarded as mandatory, and unless they are strictly complied with the court is without jurisdiction of the subject-matter. 20 C. J., §280, p. 220, and cases there

cited." *Slinkard v. Hunter* (1936), 209 Ind. 475, 478, 199 N. E. 560.

"The common law made no provision for recount and contest of the ballots cast at an election. It is a familiar rule that statutes granting jurisdiction which was not given at common law are to be strictly construed, and one seeking to take advantage of such statute must bring himself clearly within its spirit as well as within its letter. *Martin v. Schulte* (1933), 204 Ind. 431, 182 N. E. 703, and cases there cited.

"Sutherland's Statutory Construction, Vol. 2, pp. 1048, 1049, secs. 565, 566, announces the rule as follows:

"'A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction; nor be made available or valid except on the stautory conditions, that is, by strictly following the directions of the act.

"'A party seeking the benefit of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment.'"

*State ex rel. Robertson v. Circuit Court of Lake Co.* (1938), 215 Ind. 18, 23, 24, 17 N. E. 2d 805.

Section 29-5405, Burns' 1949 Replacement (Acts 1945, Ch. 208, §328), provides in part that "Each such petition shall state the office and the precinct or precincts within the county in respect of which the petitioner desires a recount; . . . the name and post-office address of petitioner's opposing candidate or candidates; . . ." In *State ex rel. Wever v. Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, we held the failure to name all candidates for the office as parties to the petition failed to confer upon the court jurisdiction of the subject matter.

"Jurisdiction of the general subject-matter cannot be waived and cannot be conferred by the parties. *Smith* v. *Myers* (1887), 109 Ind. 1, 9 N. E. 692, 58 Am. Rep. 375; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Chicago, etc., R. Co.* v. *Town of Salem* (1904), 162 Ind. 428, 70 N. E. 530; *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628; *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 302, 98 N. E. 349, Ann. Cas. 1915 C 325, and cases cited; *State ex rel.* v. *Van Beek* (1893), 87 Iowa 569, 54 N. W. 525, 43 Am. St. 397, 19 L. R. A. 622, Ewbank's Manual (2d ed.) §289 and cases cited; 7 R. C. L. 1042, §75." *Board, etc.* v. *Jewett* (1915), 184 Ind. 63, 67, 68, 110 N. E. 553.

The cross-petition by Howard did not confer jurisdiction on the subject-matter, for there was no action to which the cross-petition could be addressed. Nor did the separate praecipe filed by the petitioner Pavlon on May 10th ordering summons be issued for relator Howard and the other fourteen candidates for Advisory Board comply with §29-5405, Burns' 1949 Replacement, or make these candidates parties to his petition.

The effect of this decision is to make the attempted recount in cause number C54-391 void by operation of law, and "without being named in the writ, or being made parties to the proceeding, all judges or officers of courts, and all persons whomsoever, who have notice of the writ, are bound by writs of prohibition against courts, and are prohibited from acting upon authority of the prohibited court just as effectively as though they had been made parties to the action and the writ." *State ex rel. Spencer* v. *Criminal Court, Marion Co.* (1938), 214 Ind. 551, 558, 15 N. E. 2d 1020.

The temporary writ of prohibition is hereby made permanent, and in view of the emergency nature of this proceeding the Clerk is ordered to transmit our mandate forthwith.

NOTE.—Reported in 121 N. E. 2d 647.