Donna M. CURTIS, Appellant,

v.

Donna K. BUTLER, Appellee.

No. 65A01–0701–CV–45.

Court of Appeals of Indiana.

May 15, 2007.

William W. Gooden, Mount Vernon, IN, Attorney for Appellant.

Donald E. Baier, Baier & Baier, Mount Vernon, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant Donna M. Curtis ("Curtis") appeals the Posey Circuit Court's refusal to overturn the Posey County Recount Commission's ("the Commission") certification of Appellee Donna K. Butler ("Butler") as the duly-elected Clerk of the Posey Circuit Court. We affirm.

### Issue

Curtis presents a single issue for review: whether the trial court erred in determining that the Commission properly executed its statutory duty to determine voter intent when examining absentee ballots during a recount.

### Facts and Procedural History

Curtis and Butler submitted to the trial court a joint stipulation of the underlying facts, as follows:

1. That Donna Curtis (hereinafter Curtis) was the Republican candidate and Donna Butler (hereinafter Butler) was the Democrat candidate for Clerk of the Posey Circuit Court in the 2006 General Election in Posey County, Indiana (hereinafter Election).

2. That prior to October 10, 2006, approximately two hundred (200) voters were sent absentee ballots to vote in the Election.

3. That on or about October 10, 2006, it was discovered that the absentee ballots sent out prior to that date were incorrect, in that the ballots incorrectly listed the candidates for school board races in various school board districts in Posey County, Indiana.

4. That the absentee ballots sent out prior to October 10, 2006, were not incorrect in the listing of candidates for the office of the Clerk of the Posey Circuit Court.

5. That on October 10, 2006, those voters receiving the incorrect absentee ballots were sent a letter from the Posey County Clerk indicating that their previous ballot, if already turned in, would become null & void and the voter would need to recast the corrected ballot enclosed with the letter.

6. That there is hereto attached as "Exhibit A" a copy of said letter.

7. That ten (10) absentee voters who had been sent the incorrect ballot and who were subsequently sent the letter of October 10, 2006, did not return the second, corrected ballot.

8. That the letters sent to those ten (10) absentee voters were sent by ordinary U.S. Mail and were addressed to the address indicated on the absentee ballot application and to which the first, incorrect ballot was sent.

9. That none of the letters of October 10, 2006, to those ten (10) absentee voters, were returned to the sender.

10. That, at the request of the Posey County Election Board, the attorneys for the Election Board contacted the attorney for the State Election Board and were advised that the ten (10) absentee ballots should be counted and they had no right to deny the ten (10) absentee voters the right to vote in other

races even though they were not able to vote in the school board races.

11. That those ten (10) absentee ballots were subsequently considered, with two (2) of said ballots being disqualified, one (1) because of the lack of a signature and the other because the voter had actually returned the second ballot.

12. That, of the eight (8) such absentee ballots that were actually counted, Butler received six (6) votes and Curtis received two (2) votes.

13. That Butler was certified as the winner of the Election with a two (2) vote margin and Curtis subsequently requested a recount.

14. That the recount was duly conducted, resulting in a certification that Butler had won the election by a margin of three (3) votes.

15. That, during the recount, one of the commissioners, Mr. Kohlmeyer, asked the trial judge if the recount commission had the authority to exclude the eight (8) absentee ballots referred to above.

16. That, in response to the inquiry by Commissioner Kohlmeyer, the trial judge advised the recount commission that they must count those eight (8) ballots and determine the intent of the absentee voters from the ballots submitted.

17. That the attorney for Curtis subsequently objected to the instruction of the trial judge, which objection was made prior to the actual counting of said ballots.

18. That the basis for the objection by the attorney for Curtis was that the recount commission had the authority to determine voter intent and that, if an absentee voter failed to return a second ballot after being advised that his or her first ballot would become null & void, then this would indicate that voter's intent not to vote in the Election.

19. That the trial judge noted the objection but refused to alter his previous instruction to the recount commission.

(App.35–38.) On December 14, 2006, the Commission certified Butler the winner, by a margin of three votes. The Commission indicated that no ballots were excluded due to an inability to ascertain the intent of the voter.

On December 15, 2006, Curtis initiated an appeal of the Commission's certification to the Posey Circuit Court. On December 21, 2006, the trial court conducted a hearing and upheld the Commission's decision. This appeal ensued.

**Discussion and Decision**

■ Curtis contends that, when the Commission considered the eight absentee ballots in dispute in accordance with Indiana Code Section 3–12–1–1, it should have considered the lack of response to the Posey County Clerk's letter of October 10, 2006, in its determination of the intent of those eight voters. Curtis does not claim that the Clerk's letter could invalidate ballots, despite its "null and void" language. Rather, Curtis claims that non-compliance with the Clerk's letter directing the completion of a second ballot is evidence of intent to refrain from voting for either candidate, and that the Commission should have considered all evidence of intent.

■ The procedures for an election contest and for a recount of votes are statutory, and the contestor must bring himself strictly within the terms of the governing statute. *State ex rel. Howard v. Lake Circuit Court,* 233 Ind. 459, 461, 121 N.E.2d 647, 649 (1954). Indiana Code Section 3–12–6–22.5 limits an appeal of the

Commission's findings to "questions of law arising out of the recount" and "procedural defects by the recount commission that affected the outcome of the recount." *See Horseman v. Keller*, 841 N.E.2d 164, 167 (Ind.2006). The "intent" of the voters is a question of fact under Indiana law, and is not appealable. *See id.* Here, however, the "procedure" for determining "intent" is implicated.

The "Rules for Counting Ballots" are set forth in Indiana Code Section 3–12–1–1, et seq. Indiana Code Section 3–12–1–1, the statute here at issue, provides:

> Subject to sections 5, 6, 8, 9, 9.5, and 13 of this chapter, the primary factor to be considered in determining a voter's choice on a ballot is the intent of the voter. If the voter's intent can be determined on the ballot or on part of the ballot, the vote shall be counted for the affected candidate or candidates or on the public question. However, if it is impossible to determine a voter's choice of candidates on a part of a ballot or vote on a public question, then the voter's vote concerning those candidates or public questions may not be counted.

The words of a statute will be given their plain and ordinary meaning unless otherwise indicated by the statute. *Doe v. Donahue*, 829 N.E.2d 99, 107 (Ind.Ct.App. 2005), *trans. denied, cert. denied,* —— U.S. ——, 126 S.Ct. 2320, 164 L.Ed.2d 839 (2006). In construing statutes, we will presume that the legislature intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result. *Id.*

The statute here at issue directs the Commission to determine a voter's choice by examining the ballot. If the intent can be determined from the ballot, the vote shall be counted. If it is impossible to determine the voter's choice, the vote may not be counted. There is no provision for the consideration of evidence that is extrinsic to the ballot to determine individual voter intent. Here, the Commission was able to determine each voter choice from the ballot presented and examined. There is no statutory authorization for a challenge to a completed ballot based upon a showing of a contrary intent. Moreover, there is no statutory provision for the withdrawal of a vote once it is cast, even if the voter subjectively intended by his or her subsequent omission to do so.[1]

As such, Curtis did not show that the Commission procedurally failed to comply with its statutory duty so as to invalidate the recount.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.

---

1. On the other hand, when the commission or election board determines that ballots must be reprinted or corrected, there is a statutory entitlement to a voter who has voted a defective absentee ballot to recast the ballot and have the ballot counted "if the intent of the voter can be determined and the ballot would otherwise be counted under IC 3–12–1." Ind. Code § 3–11–2–16(f).